UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NANCY KING, THE OCCUPATIONAL
HEALTH CENTER, INC., and
WORK LOSS MANAGEMENT, INC.,

    Plaintiffs,

v.                               Case No. 8:16-cv-2651-T-33TBM

BOARD OF COUNTY COMMISSIONERS,
POLK COUNTY, FLORIDA, KANDIS
BAKER-BUFORD, individually,
LEA ANN THOMAS, individually,
and JIM FREEMAN, individually,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiffs Nancy King, the Occupational Health Center, Inc., and Work Loss Management, Inc.'s Motion for Reconsideration (Doc. # 146), filed on January 3, 2018. Defendants Board of County Commissioners, Polk County, Jim Freeman, Kandis Baker-Buford, and Lea Ann Thomas responded on January 23, 2018. (Doc. # 150). For the reasons that follow, the Motion is denied.

1

I. **Background**

A detailed recitation of the facts of this case is unnecessary at this time. Plaintiffs initiated this action on September 15, 2016, asserting claims for First Amendment retaliation and for violation of Florida's Whistleblower Act for public employees, Section 112.3187, Fla. Stat. (Doc. # 1). Subsequently, King filed her Second Amended Complaint (Doc. # 43), and Defendants moved to dismiss. (Doc. ## 48-51). The Court denied the motions and held that some of King's speech, specifically her speech "regarding the possibility of reverse discrimination lawsuits and the falsification of records by Mr. J," was plausibly citizen speech on a matter of public concern. (Doc. # 58 at 14-16).

Later, Defendants moved for summary judgment. (Doc. ## 103-106). After briefing, the Court granted the motions in part by granting summary judgment on King's First Amendment retaliation claims but dismissing the state whistleblower claims without prejudice. (Doc. # 138). Judgment was entered on December 6, 2017. (Doc. # 140). Plaintiffs now move for reconsideration of the Court's summary judgment Order, arguing that the Court erred in finding that King's speech was not protected by the First Amendment, that no genuine question of material fact existed as to causation, and that,

alternatively, the individual Defendants were entitled to qualified immunity. (Doc. # 146). Defendants have responded, (Doc. # 150), and the Motion is ripe for review.

## II. **Legal Standard**

Under Federal Rule of Civil Procedure 59, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." Anderson v. Fla. Dep't of Envtl. Prot., 567 F. App'x 679, 680 (11th Cir. 2014)(quoting Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)(quotation marks omitted)). Granting relief under Rule 59(e) is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." United States v. DeRochemont, No. 8:10-cr-287-T-24MAP, 2012 WL 13510, at *2 (M.D. Fla. Jan. 4, 2012)(citation omitted). Furthermore, "a Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Vill. of Wellington, 408 F.3d 757, 763 (11th Cir. 2005).

### III. Analysis

Plaintiffs insist the Court should reconsider its summary judgment ruling for three reasons. First, they contend that the Court erred in determining that King's speech was not protected speech under governing law. Second, Plaintiffs assert that newly discovered evidence shows there is a genuine issue of material fact as to whether King's speech was the cause of her contract being put through a competitive bidding process. And, third, they argue that the Court erred in determining that the individual Defendants are entitled to qualified immunity.

#### A. King's Speech was Not Citizen Speech on a Matter of Public Concern

Reconsideration is not warranted for the Court's finding that King's speech was not protected by the First Amendment. In arguing for reconsideration, Plaintiffs emphasize that the Court previously denied dismissal of King's First Amendment claims as to her speech regarding the alleged falsification of Mr. J's medical records and the reporting of potential reverse discrimination liability. (Doc. # 146 at 4). Plaintiffs attempt to cast the Court's summary judgment ruling that King's speech was not citizen speech on a matter

of public concern as a "reversal," "without explanation," of the Court's previous ruling. (Id. at 4-5).

Plaintiffs are wrong. First, a denial of a motion to dismiss does not preclude the granting of summary judgment for the defendant following discovery. See Vintilla v. United States, 931 F.2d 1444, 1447 (11th Cir. 1991)("[T]he district court's denial of the government's initial motion to dismiss was not a final judgment. The court was therefore free to reconsider its ruling on jurisdiction at the summary judgment stage."); see also Joseph v. Napolitano, No. 11-21468-CIV, 2012 WL 3244674, at *4 (S.D. Fla. Aug. 9, 2012)(explaining that the law of the case doctrine did not apply and did not preclude the district court from granting summary judgment to defendant where the court had earlier denied a motion to dismiss).

Second, the Court did not "reverse itself" in ruling that King's speech was not protected in its summary judgment Order. The Court never held in its Order on the motions to dismiss that King's speech was protected under the First Amendment as a matter of law. The Court held only that King had plausibly alleged that her speech was protected, which was sufficient to survive the pleading stage. See, e.g., (Doc. # 58 at 16-18)("At the motion to dismiss stage, where the

5

Court must accept the allegations of the Second Amended Complaint as true, King has plausibly alleged that her speech touched on a matter of public concern and was motivated by such a concern.").

In its summary judgment Order, the Court acknowledged its previous denial of Defendants' motions to dismiss and explained that it was time, "with the benefit of discovery," to "again address whether King's speech" was protected. (Doc. # 138 at 38). Such assessment after review of the complete record was necessary because the legal question of whether speech is protected by the First Amendment is highly fact-specific. See Worley v. City of Lilburn, 408 F. App'x 248, 252 (11th Cir. 2011)("[T]he analysis of First Amendment retaliation claims involves intensely fact-specific legal determinations."); Mitchell v. Hillsborough County, 468 F.3d 1276, 1283 (11th Cir. 2006)("In determining whether an employee's speech touched on a matter of public concern, [courts] look to the content, form, and context of a given statement, as revealed by the whole record."). The Court proceeded to provide a lengthy and detailed analysis of the record in ruling that King's speech was not protected. And the record in this case was indeed voluminous, including

6

nineteen depositions, seven affidavits, and hundreds of pages of documentary evidence.

That the Court held that the Second Amended Complaint plausibly pled a prima facie case for First Amendment retaliation in no way undermines the propriety of the Court's determining, upon review of the developed record, that a prima facie case had not been established. The Court's conclusion at the motion to dismiss stage that King's speech regarding the falsification of records and potential reverse discrimination liability was plausibly protected was altered by discovery, which provided significantly more information about the content and context of King's speech.

Nor do Plaintiffs' other arguments on this aspect of the Court's ruling merit reconsideration. They have not shown any manifest errors of law or fact in the Court's Order. Rather, Plaintiffs vent dissatisfaction with the Court's reasoning, which is not the proper purpose of a motion for reconsideration.

**B.** **The New Evidence Could Have Been Discovered Earlier**

"[W]here a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the

7

evidence was not available during the pendency of the motion." Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997).

The evidence attached to the Motion for Reconsideration includes three affidavits — two from Kushner and Mulloney, who were King's points of contact at the County, and one from King herself. (Doc. # 146-1; Doc. # 146-2; Doc. # 146-3). In her affidavit, King explains how she requested Kushner and Mulloney draft their new affidavits after discussing the Court's summary judgment Order with them. (Doc. # 146-1). In their affidavits, Kushner and Mulloney elaborate on a 2013 email chain, which had the subject line "Nancy Davis King," in which a lawyer from the County Attorney's Office expressed that a state statute emailed by Kushner and Mulloney did not exempt medical services contracts from the competitive bidding process. (Doc. # 146-2; Doc. # 146-3). They aver that email chain did not concern King's contract, but rather dealt with a separate contract for emergency medical services. Kushner and Mulloney also represent that the affidavit of the County Attorney, Michael Craig, is incorrect regarding interpretation of this email chain.

Plaintiffs assert these affidavits are newly discovered evidence. (Doc. # 146 at 3). But Plaintiffs have not shown that this evidence could not have been obtained by counsel

8

before the Court's entry of its Order. See Messinese v. USAA Cas. Ins. Co., 622 F. App'x 835, 840 (11th Cir. 2015)("Although the Messineses assert that Anderson's affidavit demonstrates a causal link between USAA's alleged bad faith in failing to timely disclose the homeowner's insurance policy and the resulting excess judgment against the Adamses, they fail to show how this information was previously unavailable to them."). Indeed, the depositions of both Kushner and Mulloney were taken in the course of the case, with Plaintiffs having an opportunity to ask them numerous questions. (Kushner Dep. Doc. # 89; Mulloney Dep. Doc. # 96). Kushner was questioned about the initiation of the RFP process and the 2013 email chain in particular. (Kushner Dep. Doc. # 89 at 33:11-38:7). The 2013 email chain at issue was an exhibit to Kushner's deposition. (Id. at 118). Furthermore, the Craig affidavit was filed with the motions for summary judgment — 30 days before Plaintiffs' responses were due. (Craig Aff. Doc. # 112). Plaintiffs could have prepared and submitted the affidavits along with their responses to the motions for summary judgment.

Now, after the Court has ruled on the motions for summary judgment, Plaintiffs have elicited further statements from Kushner and Mulloney about the 2013 emails in an attempt to

9

buttress weaknesses in their own case. The Court agrees with Defendants that this evidence was available during the pendency of the motions for summary judgment. See Barr v. One Touch Direct, No. 8:15-cv-2391-T-33MAP, 2016 WL 2898509, at *2 (M.D. Fla. May 18, 2016)(denying motion for reconsideration based on new evidence where "[t]he record before the Court [did] not support a finding that the documents attached to the Motion for Reconsideration were not available during the pendency of the Motion to Review Administrative Prerequisites"). Therefore, the Court refuses to consider the new statements of Kushner, Mulloney, or King as a basis upon which to reconsider its Order.

The rest of Plaintiffs' argument as to the causation issue is just an attempt to relitigate old arguments. Plaintiffs have not presented a manifest error of law or fact based on the Court's analysis of the record evidence. Reconsideration is not warranted.

### C. The Individual Defendants are Entitled to Qualified Immunity

Finally, Plaintiffs argue that the Court erred in alternatively finding the individual Defendants were entitled to qualified immunity. (Doc. # 146 at 18). They contend the law was clearly established that King's speech was protected

under the First Amendment. Plaintiffs again emphasize the Court's Order denying dismissal of the First Amendment claims. (Id. at 20-21).

There, the Court denied Defendants' assertion of entitlement to qualified immunity at the motion to dismiss stage. (Doc. # 58 at 26). The Court held that the "Second Amended Complaint sufficiently allege[d] that the individual Defendants violated King's clearly established First Amendment rights when they refused to renew King's contract in retaliation for her protected speech." (Id.). Still, the Court clarified that, "with the benefit of discovery, [Defendants] may be able to establish that they are entitled to qualified immunity later in the proceedings." (Id.). And, because Defendants failed to address the Pickering balancing prong of the First Amendment claims, the Court did not address whether the law was clearly established regarding that prong in determining that Defendants were not entitled to qualified immunity. (Id. at 25).

But, in their motions for summary judgment, the individual Defendants presented persuasive arguments as to all prongs of King's First Amendment claims. Upon review of the motions, the Court determined that the law must be clearly established as to both the citizen speech on a matter of

11

public concern prong and the Pickering balancing prong in order to defeat qualified immunity. (Doc. # 138 at 57)(citing Maggio v. Sipple, 211 F.3d 1346, 1355 (11th Cir. 2000)).

Furthermore, in the summary judgment Order, the Court acknowledged that law can be clearly established under the "obvious clarity" method and that Plaintiffs believed that method applied. (Doc. # 138 at 55). Nevertheless, the Court determined that method did not apply "because 'it is not "so obvious" that [Defendants] violated the First Amendment in light of the close merits question of whether' King spoke as an employee or as a citizen." (Id. at 55-56)(quoting Carollo v. Boria, 833 F.3d 1322, 1333 (11th Cir. 2016)). The Court also noted the Supreme Court's recent warning that "clearly established law should not be defined at a high level of generality." (Id. at 57)(quoting White v. Pauly, 137 S. Ct. 548, 552 (2017)).

Plaintiffs are dissatisfied with the Court's reasoning on these issues. But they fail to present a manifest error of law in the Court's determinations that the "obvious clarity" method was inappropriate and that the right to protected speech needs to be established through general statements of the law that make the unlawfulness apparent or through case law with materially similar facts.

Furthermore, Plaintiffs ignore an important part of the Court's Order. The Court also held that, even if clearly established law showed King's speech was citizen speech on a matter of public concern, it was not clearly established that the <u>Pickering</u> balancing test would weigh in King's favor. (Doc. # 138 at 61). Therefore, the law was not clearly established as to King's retaliation claims and the individual Defendants were entitled to qualified immunity.

No manifest error of law or fact has been shown regarding the Court's ruling on qualified immunity. Therefore, the Court will not reverse its ruling.

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED**:

Plaintiffs' Motion for Reconsideration (Doc. # 146) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>23rd</u> day of January, 2018.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE